Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED ON ICMS
JAN - 3 2003
CV

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. **CV 99-04264-AHM (RNB)**            Date: **January 2, 2003**

Title: **Michael J. Hason, M.D. v. Medical Board of California, et al.**

## DOCKET ENTRY

PRESENT:

   **HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

   Marsha Eugene                          n/a
   Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
   None Present                             None Present

**PROCEEDINGS: (IN CHAMBERS)**

   Plaintiff's "Motion to Enforce Subpoena and Hold in Contempt," filed on December 30, 2002, is ORDERED off calendar and DENIED.

   First, Fed. R. Civ. P. 45(e) provides that, in order to hold a person in contempt for failure to obey a subpoena, the failure to obey must be "without adequate excuse." Rule 45(e) further provides that "[a]n adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A) [i.e., more than 100 miles from the place where that person resides, is employed or regularly transacts business]." The subpoena in question here purported to require Legal Photocopy Service, a Sacramento business entity, to produce documents at a hearing in Los Angeles. Thus, Legal Photocopy Service had an adequate excuse for its failure to obey the subpoena which precludes holding it in contempt.

   Second, Fed. R. Civ. P. 45(c)(3)(A)(i) provides for the quashing of a subpoena if it fails to allow reasonable time for compliance. Here, as plaintiff acknowledges, the subpoena was not served until November 19, 2002, the day before the scheduled hearing. It appears from the proof of service page that the subpoena was not served until 11:45 a.m., and thus provided less than 24 hours' notice. The Court notes that Legal Photocopy Service promptly interposed objections to the subpoena, inter alia on the ground of unreasonable notice. If the hearing had gone forward as calendared on

MINUTES FORM 11                              Initials of Deputy Clerk _____
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: CV 99-04264-AHM (RNB)                      January 2, 2003

<u>Michael J. Hason, M.D. v. Medical Board of California, et al.</u>      Page 2

---

November 19, 2002, the Court would have been compelled to sustain that objection and quash the subpoena on that ground.

Third, the reason the hearing did not go forward as calendared on November 19, 2002 was because plaintiff failed to appear on time for the hearing. Thus, the noncompliance with the subpoena became moot.

Fourth, the noncompliance with the subpoena has been rendered moot in any event by the District Judge's December 23, 2002 Order adopting the Magistrate Judge's Report and Recommendation. Plaintiff's current arguments about the missing proof of service signatures and the lack of cooperation from his process server are the same arguments made by plaintiff in his "Opposition" to the Report and Recommendation, which the District Judge already has duly considered.


cc:    Judge Matz